## REEVES v. UNITED STATES.

(Court of Appeals of District of Columbia. Submitted October 6, 1926. Decided November 1, 1926.)

No. 4466.

**1. Embezzlement ⊖═47.**

Evidence in prosecution for embezzlement *held* for jury.

**2. Embezzlement ⊖═40.**

Testimony as to real estate contract, for which note was given to corporation as part consideration, *held* admissible in prosecution of corporate president for embezzlement thereof, as tending to prove note was corporation's property as alleged in indictment.

**3. Embezzlement ⊖═6.**

Under Code, § 834, promissory note may be subject of embezzlement.

**4. Embezzlement ⊖═11(1).**

Where resolution of corporate directors did not authorize president to hypothecate notes for personal debts, assignment and transfer by him would constitute unlawful conversion.

Appeal from the Supreme Court of the District of Columbia.

Ralph D. Reeves was convicted of embezzlement, and he appeals. Affirmed.

Alfred Cerceo and D. J. Beall, both of Washington, D. C., for appellant.

Peyton Gordon and L. A. Rover, both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The appellant was indicted, tried, and convicted of the crime of embezzlement, and was sentenced accordingly. It was charged in the indictment that on November 29, 1922, the accused was an officer of the Reeves Guaranty Company, a corporation, and as such officer had in his possession a certain promissory note of the value of $3,825, the property of the corporation, and that he then unlawfully and feloniously embezzled the same and converted it to his own use.

[1] At the trial Clinton L. Scott, the maker of the note, was called as the first witness for the prosecution. He testified that the note was given by him and his wife to the Reeves Guaranty Company as part consideration of a contract providing for the construction of a house by the company for them. The details of the contract were described at some length by the witness, as also by the next two witnesses, namely, Sturdivant and Stevens, who testified in relation to the same real estate

contract. The next witness, Musselman, testified in substance that the accused sought to borrow $200 from him, stating that "he desired to get a girl he had gotten in bad out of trouble"; that such a loan was then made from the joint funds of the witness and his wife, and the promissory note aforesaid was given witness as security therefor, indorsed by the "Reeves Guaranty Company, Ralph Reeves, President." The note was introduced in evidence. In rebuttal the wife of the preceding witness testified that the accused had never offered to repay the borrowed money, but had called at her residence and asked her to turn the note back to him, so that he might be able to borrow more money on it, saying that "the reason for his financial embarrassment was of such a delicate nature that he could not tell her, she being a woman."

The defendant, as his own witness, testified in substance that he was president of the Reeves Guaranty Company, and was authorized by resolution of the board of directors of the corporation to borrow money, sell any notes or securities, and indorse the same with the name of the company as its president; that he borrowed the $200 in question to defray the expenses of the company, that the company was largely indebted to him at the time, and that he had called on Mrs. Musselman at her residence some time after he borrowed the $200 and offered to repay the money to her, but she had refused to accept it. A copy of the resolution of the board of directors of the Reeves Guaranty Company, such as the accused testified to, was introduced in evidence on his behalf.

[2-4] The appellant contends that it was error to admit the evidence of Scott, Sturdivant, and Stevens relating to the real estate contract, of which the promissory note in question was a part. This contention cannot be sustained, for the testimony tended to prove the charge that the note was the property of the corporation, as alleged in the indictment. The appellant furthermore contends that the trial court should have sustained the defendant's motion for a directed verdict after the government rested, on the ground of insufficient evidence, and that the note could not be the subject of embezzlement; also that no relationship was shown between the accused and Scott. This contention is overruled, upon the ground that the evidence was sufficient to go to the jury; that a promissory note may be the subject of embezzlement (section 834, D. C. Code); that the resolution of the board of directors of the corporation did not purport to authorize the accused to hypothecate the promissory note in question for his personal debt, and such an assignment and transfer would be an unlawful conversion of it; and that the question of relationship between Scott and the accused is immaterial.

The appellant also contends that the trial court erred in refusing to deliver certain requested instructions to the jury. We think the court's general charge fully and correctly covered the issues, and that its refusal to give the special instructions was not error.

The judgment of the lower court is affirmed.